UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN ALLEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | No: |
| | ) | |
| vs. | ) | Jury Demand |
| | ) | |
| DAVITA, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff, Marilyn Allen ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of the defendant, DaVita Inc. ("Defendant"), states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Plaintiff brings this action for under the Civil Rights Act of 1866, 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") for Defendant discriminating against her on the basis of her race. Plaintiff also brings this action under Illinois common law for terminating her from her full-time position in retaliation for exercising her rights under the Illinois Workers' Compensation Act ("IWCA").

2. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. §§ 1331, 1343. This Court has supplemental jurisdiction over Plaintiff's Illinois Common Law Retaliatory Discharge claim pursuant to 28 U.S.C. §§ 1332 and 1367.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the

employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

## PARTIES

4. Plaintiff is an adult, Black individual and a resident of Crest Hill, Illinois.

5. Defendant is and was at all times relevant to the allegations herein, a for-profit corporation organized under the laws of Delaware doing business in Illinois and other surrounding states.

6. At all times relevant to the allegations herein, Plaintiff was employed by Defendant at its Joliet, Illinois location.

## FACTUAL ALLEGATIONS

7. Plaintiff began her employment with the Defendant in or around October of 2005 as a dialysis technician. Plaintiff's most recent position with Defendant was full-time administrative assistant.

8. At all times relevant, Plaintiff was meeting the legitimate job performance expectations of Defendant and received "exceeds expectations" ratings on her annual performance reviews.

9. In September of 2016, October of 2018, and April of 2019, Plaintiff received the Service Excellence Core Value Award, which is the highest award an employee working for Defendant can receive.

10. In or around 2019, Plaintiff began seeking a promotion with Defendant and, as of July 2019, it was understood between Plaintiff and the regional operational director that she was being trained to obtain a management position.

11. On March 9, 2020, Plaintiff applied for a healthcare operations manager position. Plaintiff was well qualified for the position and had over 20 years of dialysis experience at the time.

12. Plaintiff was denied the position, which was awarded to a significantly younger and less experienced White individual.

13. On July 2, 2020, Plaintiff applied for an assistant facility administrator position. Plaintiff was well qualified for the position.

14. Plaintiff was denied the position, which was awarded to a significantly younger and less experienced White individual.

15. Plaintiff sustained an on-the-job injury on November 2, 2020, after she fell while working. Plaintiff was rushed to the emergency room as a result of her injury.

16. Plaintiff's injury required her to be off of work from November 3, 2020, through November 23, 2020.

17. Towards the end of November 2020, Plaintiff retained a workers' compensation attorney to pursue a workers' compensation claim against Defendant. In or around December of 2020, Plaintiff filed a workers' compensation claim.

18. On or around January 15, 2021, Plaintiff took off work to undergo surgery necessitated by her injury. Plaintiff returned to work after her surgery on or around January 28, 2021.

19. On or around January 29, 2021, Plaintiff took off work to undergo a second surgery necessitated by her injury. Plaintiff was returned to work full duty on or around May 10, 2021.

20. Prior to her injury, Plaintiff worked full time for Defendant, 32 hours per week.

When Plaintiff returned to work, however, she was essentially terminated from her full-time position and given a part-time position working 16 hours per week. This part-time position also required Plaintiff to travel between two clinics, which she did not have to do in her previous position.

21. When Plaintiff's manager notified her that she was being given a part-time position, Plaintiff advised that she could not afford to work only 16 hours per week. During this meeting, Plaintiff stated to her manager that another similarly situated administrative assistant with only 4 years' experience working for Defendant, who Plaintiff specifically mentioned during the meeting "is White," did not have her hours cut, at which point Plaintiff's manager told her, "I am not going to discuss with you other employees' hours."

22. Thereafter, Plaintiff complained to Defendant's regional director, and separately to Defendant's human resources manager, about the change in her position and hours. Plaintiff met with her manager and the regional director on May 13, 2021, and again mentioned that her coworker's hours were not cut, to which her manager again responded with, "I am not going to discuss with you other employees' hours."

23. While Plaintiff was in her part time position, Defendant promoted another White employee who was less experienced that Plaintiff into the same position that Plaintiff wanted to be promoted to and was in "training" for. This position was never posted so Plaintiff did not have the ability to apply.

24. Due to the loss of her full-time position, Plaintiff resigned from her part-time position on June 29, 2021.

## COUNT I
### (SECTION 1981 RACE DISCRIMINATION)

25. Plaintiff re-alleges paragraphs 1 through 23 and incorporates them as if fully set

4

forth herein.

26. Section 1981 prohibits employers from discriminating against employees based upon race in the making, performing, modifying, and termination of contracts, including at-will employment contracts.

27. By virtue of Plaintiff's and Defendant's employment relationship, an at-will employment contract was made by and between Plaintiff and Defendant.

28. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her race when it denied her promotions and terminated her from her full-time position.

29. As a result of Defendant's actions, Plaintiff has suffered financial loss and emotional distress.

30. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible race discrimination.

31. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, Plaintiff prays that the court order such relief as is necessary to make Plaintiff whole, including:

   a. Injunctive relief;

   b. Lost wages and other economic damages;

   c. Compensatory damages for emotional pain and suffering;

   d. Punitive damages;

   e. Attorneys' fees and costs incurred in this action;

   f. Such other relief as is just and equitable.

## COUNT II
## (ILLINOIS COMMON LAW RETALIATORY DISCHARGE)

32. Plaintiff pleads this count in the alternative.

33. Plaintiff realleges allegations 1-23 with the same force and effect as if more fully set forth herein.

34. The Illinois Supreme Court recognized a limited exception to the at-will employment rule in *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172 (1978), when it determined that a plaintiff who was terminated for pursuing compensation under the Illinois Workers' Compensation Act (the "IWCA"), 820 ILCS 305/1 *et seq*., could bring an action for retaliatory discharge against the former employer.

35. Plaintiff exercised her rights under the IWCA when she filed a workers' compensation claim against Defendant.

36. By the conduct alleged herein, Defendant retaliated against Plaintiff for her rights under the IWCA by terminating her from her full time position.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

### PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make Plaintiff whole, including:

    a. Injunctive relief;

    b. Lost wages and/or other economic damages;

    c. Compensatory damages;

    d. Punitive damages (if available);

    e. Attorneys' fees (if available);

    f. Such other relief as is just and equitable;

    g.   The plaintiff requests a jury trial of this action.

**MARILYN ALLEN**

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith (6180407IL)
LAW OFFICES OF MICHAEL T. SMITH & ASSOC., P.C.
10 N. Martingale Road, Suite 400
Schaumburg, IL 60173
(847) 466-1099
Msmith39950@aol.com